## 7602. SWATTS *v.* HARRISON.

It appearing from the evidence set forth in the petition for certiorari that the verdict complained of included usury, the judge of the superior court erred in refusing to sanction the certiorari.

DECIDED FEBRUARY 1, 1917.

Petition for certiorari; from Grady superior court—Judge Cox. May 12, 1916.

Harrison sued Mrs. Swatts, in the city court of Whigham, for the amount of her notes to him,—$1,545 principal, and interest at eight per cent. per annum from date. Liability was denied by her on the ground that the notes were given merely for the purpose of securing a loan to her husband; and she pleaded usury to the extent of $45. The trial having resulted in a verdict and judgment in favor of the plaintiff for the full amount sued for, the defendant presented to the judge of the superior court a petition for certiorari, which he refused to sanction; and error is assigned thereon.

From the evidence set forth in the petition for certiorari it appears, that the notes sued on were for a loan made by the plaintiff, which was negotiated through N. F. Jones, and that the plaintiff did not deal with the defendant in person; that he gave Jones a draft payable to her, for $1,500, which she afterwards indorsed. The defendant testified, that when she signed the notes she understood that her husband was securing a loan and that she was putting up security for him; that he, with T. J. Mills and some one else, came to her home with the notes and a mortgage or other papers, and she signed all the papers they wanted her to sign, and they carried the papers away with them; that she had no conversa-

tion with any of them; that her husband was not acting as her agent, and she had not authorized him or any one else to secure a loan from the plaintiff; that she "never made a loan from plaintiff;" that no part of the money was ever paid to her, and no accounting for any part of it was ever made to her; that the indorsement on the draft, which was followed by her husband's indorsement, appeared to be in her handwriting, but the draft was never in her possession, and she did not remember having seen it. T. J. Mills testified, that at the time of the signing of the notes he was representing the defendant's husband, but supposed the plaintiff. was depending on him to see that the papers were properly executed; that he did not remember any conversation at that time, and did not remember whether he turned the plaintiff's draft over to the defendant herself, or to her husband. The plaintiff testified, that the defendant's husband got N. F. Jones to come to see him about making a loan, and he (the plaintiff) left the matter with T. J. Mills and N. F. Jones, to represent him and close it up as soon as the papers were signed; that he relied on T. J. Mills to see that the papers were properly executed, and he did not see the defendant during the transaction. Over objection he was allowed to testify that he "was making the loan to Mrs. Swatts, and not to her husband;" the defendant's counsel objecting on the ground that the witness had stated that he did not see the defendant during the transaction, and no agency had been shown. After the plaintiff's counsel had made the opening argument to the jury and while the defendant's counsel was arguing the question of usury, the court, over objection, permitted the plaintiff to reopen the case and testify that when the defendant's husband came to see him about the loan, he explained that he had the money already loaned out, and that if he called it in and made this loan to Mrs. Swatts, he would lose $45 interest, and Mr. Swatts replied, "We are willing to pay the $45 to get it."

In the petition for certiorari it was alleged, that the verdict was contrary to the evidence; that to the extent of $45 it included usury; that the court erred in allowing the plaintiff to testify that he was making the loan to the defendant, and not to her husband; that the court erred in allowing the plaintiff to reopen the case and testify further; and that the court erred in charging the jury that the question at issue was whether the parties intended the contract

to be an original undertaking of the defendant, or that she was to become surety for her husband.

*S. P. Cain,* for plaintiff in error.  *R. R. Terrell,* contra.

GEORGE, J. 1. There was no error in allowing the case reopened for the introduction of further testimony after the argument was begun.

2. On the facts set forth in the petition for certiorari, the verdict is not contrary to the evidence nor without evidence to support it, except as to $45 usury included therein. Indeed, the evidence clearly disclosed that the notes were given for a loan of money in one sum of $1,500, and the draft for the money was made payable to the order of the wife. It matters not that she indorsed the draft and delivered it to the husband; which fact may be inferred by his indorsement upon the draft. As was said by Bleckley, J., in the case of *Boland* v. *Klink,* 63 *Ga.* 448, "Generally, when a wife wants an agent to represent her in a business transaction, she will select her husband." The case from which this language is quoted is in large measure controlling on the facts of this case. When the wife makes a purchase through her husband "it is the same as if she made it in person; and when the transaction creates a debt for property which is transferred or conveyed to her by the creditor, and she gives the required security in person, the debt is hers, not her husband's, and the act of giving security binds her."

It does affirmatively appear, from the facts alleged in the petition, that the sum of $45, included in the three notes sued on, is usury. The judgment refusing sanction to the writ of certiorari must therefore be reversed.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*